UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LE'NETTA STONE,

    Plaintiff,

v.                                                       Case No. 12-15031

SECRETARY OF THE
DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.
                                              /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

      Plaintiff Le'Netta Stone was employed as an enforcement removal assistant by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security (the "DHS"). Plaintiff filed an Equal Employment Opportunity ("EEO") complaint with the DHS alleging discrimination, which was dismissed by the Office for Civil Rights and Civil Liberties on February 11, 2011. On November 4, 2012, Plaintiff sued Defendant Secretary of the Department of Homeland Security, (the "Secretary"), alleging discrimination and defamation. The Secretary moves to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and (6). The motion has been fully briefed, and a hearing is unnecessary. See E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant the motion.

**I. BACKGROUND**

      In May 2009, Stone was hired by ICE as an enforcement removal assistant. Stone's duties required her to stand while working in the building lobby. Initially, Stone

was supposed to rotate lobby duty with six other employees.  However, during the course of her employment, Stone was permanently assigned lobby duty.  In June 2009, Stone's department had to temporarily relocate to another building.  Stone claims that she injured her back while moving the contents of her desk to the other building, and as a result of this new back injury, she aggravated a pre-existing back injury.  After informing ICE management of her back injury, management responded that she would receive a desk position as soon as one became available.  Stone alleges that on three separate occasions desk positions became available, but she did not receive one of these positions.  Instead, the positions were purportedly given to younger white employees.  Two of these employees claimed to have disabilities that, in Stone's opinion, were not as severe as her alleged back injury, and the third employee suffered no disability.

   Stone asserts that the permanent lobby position caused her to suffer continuous back and leg pain.  Despite physical therapy, Stone claims that any progress she made towards alleviating her pain was negated by her continued work in the lobby.  From June 2009 to May 2010, Stone alleges that she was absent from work for more than 160 hours, and management did not excuse Stone's absences or grant her request for "leave-buy-back."  Stone states that management continuously failed to accommodate her back injury by failing to provide a desk position.  She avers that she frequently submitted evidence of her back injury, yet management maintains that it never received such evidence.

    In December 2009, Stone filed an EEO complaint with the DHS alleging discrimination based on her race, age, and disability.  The DHS conducted an

2

investigation, but Stone failed to request a hearing before an EEOC administrative law judge or ask for a final agency decision. After thirty days, the DHS sought a final agency decision from the Office for Civil Rights and Civil Liberties. On February 11, 2011, the Office for Civil Rights and Civil Liberties issued a final agency decision denying Stone's claims.

On November 4, 2012, Stone sued the Secretary alleging two claims. The first claim contains the same allegations that Stone filed with the DHS—that Stone was discriminated against based on her age, race, and disability. The second claim alleges defamation. The Secretary moves to dismiss the discrimination claim under Rule 12(b)(6) and the defamation claim under Rule 12(b)(1).

## II. STANDARD

A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint "does not need detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir.

2005). In doing so, the court must "draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 466 (6th Cir. 2000). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). "[T]he court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

The court must also dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Motions to dismiss under Rule 12(b)(1) attack jurisdiction in two different ways. A facial attack questions the sufficiency of the pleading. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). If the allegations, when accepted as true, establish a federal claim, then the district court has jurisdiction. *Id*. The second type of jurisdiction challenge under Rule 12(b)(1) is a factual attack. The court must evaluate conflicting evidence and arrive at the factual predicate that subject matter jurisdiction does or does not exist. *Id*.

### III. DISCUSSION

#### A. Discrimination Claim

To invoke one's rights under Title VII, 42 U.S.C. § 2000-e2 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, or the Rehabilitation Act, 29

U.S.C. § 701 *et seq.*, a plaintiff must file a civil complaint within ninety days of receiving a final agency decision and right-to-sue letter. 29 C.F.R. § 1614.407. This deadline is strict—complaints filed ninety-one days after the issuance of a final agency decision have been dismissed. *See Peete v. Am. Standard Graphic*, 885 F.2d 331, 332 (6th Cir. 1989). Moreover, "even uncounseled litigants must act within the time provided by statutes and rules." *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) (citation and alteration omitted). If a plaintiff fails to comply with the procedural requirements, the complaint may be dismissed under Rule 12(b)(6) for failing to state a claim for relief. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

On February 11, 2011, the Office for Civil Rights and Civil Liberties issued the final agency decision on Stone's complaint. Thus, Stone was required to file her complaint with the court by May 11, 2011. Stone did not do so until November 4, 2012, approximately one year and six months after the ninety-day deadline. Consequently, Stone's discrimination claim must be dismissed as untimely filed.

Stone implicitly seeks to equitably toll her complaint. Although the procedural guidelines for filing a discrimination suit are strict, failing to comply with the ninety-day time period for filing a complaint does not strip the court of jurisdiction to hear the claim. *Truitt*, 148 F.3d at 646. Instead, the ninety-day requirement constitutes a timing requirement and is subject to equitable tolling. *Id*. Equitable tolling is available in exceptional circumstances that occur beyond the control of the plaintiff and preclude a timely filing. *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009). However, equitable tolling is not available for a plaintiff who failed to act

5

diligently and comply with procedural guidelines. *Id*. In determining whether equitable tolling is appropriate, the court considers the party's "diligence in pursuing [its] rights." *Truitt*, 148 F.3d at 648. A plaintiff has an affirmative duty to notify the EEOC of any change in the address at which the plaintiff can be contacted. *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986); 29 C.F.R. § 1601.7(b). This burden on plaintiffs is a "minimal one and reasonable." *Id*. Furthermore, it is immaterial that a plaintiff is *pro se* because "being *pro se* does not excuse a [plaintiff] from complying with the EEOC's change of address requirements." *Abraham*, 553 F.3d at 121.

Stone claims that she filed her complaint after the ninety-day deadline because she did not receive the final agency decision. The Office for Civil Rights and Civil Liberties sent the final agency decision to Stone's work email account with the DHS. As Stone was no longer employed with the DHS at the time the decision was sent, she did not have access to the email account to receive the decision. But if Stone did not have access to her former email address, she should have so informed the Office for Civil Rights and Civil Liberties and updated her contact information so that she could have received the final agency decision. Stone's failure to provide the Office for Civil Rights and Civil Liberties with a new email address demonstrates Stone's lack of diligence in pursuing her rights. As Stone failed to satisfy her "minimal" and "reasonable" burden of notifying the Office for Civil Rights and Civil Liberties of her changed contact information, tolling Stone's discrimination claim for one year and six months is unwarranted. Thus, Stone's discrimination claim will be dismissed.

### B. Defamation Claim

The Secretary, as an agent of the federal government, can only be sued in tort under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"). The FTCA waives sovereign immunity for the United States in certain circumstances and is the "exclusive remedy for suits against the United States or its agencies sounding in tort." *Himes v. United States*, 645 F.3d 771, 776 (6th Cir. 2011). A plaintiff must allege a specific tort for which "the United States has not reserved immunity." *Rector v. United States*, 243 F. App'x 976, 979 (6th Cir. 2007). 29 U.S.C. § 2680(h) exempts certain torts from the waiver of immunity such as libel, slander, defamation, and misrepresentation. *Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002). If a plaintiff alleges a non-cognizable claim, then the claim must be dismissed for lack of jurisdiction. *Id.*

Stone alleges that ICE management defamed her by making false and negative statements concerning her work performance. However, Stone cannot sue a federal agency for defamation under the FTCA because defamation is a tort against which the United States has retained sovereign immunity. *Id*. The court lacks subject matter jurisdiction to adjudicate Stone's defamation claim, and therefore the claim must be dismissed under Rule 12(b)(1).

### IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's motion to dismiss [Dkt. # 9] is GRANTED.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated: June 27, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2013, by electronic and/or ordinary mail.

                                    s/Carolyn Ciesla for Lisa Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522